AUGUSTUS F. WINSLOW & ux. versus BENJ. H. GILBRETH.

In an action brought in the name of a husband and wife, the defendant will not be allowed, under the general issue and specifications of defence, to introduce evidence to show that the plaintiffs were not lawfully married.

Such an objection can only be taken advantage of by plea in abatement.

THIS was an action of TROVER against the late sheriff of Kennebec county, for the conversion of one half of a schooner, alleged to be the property of Abby, wife of Augustus F. Winslow. After filing specifications of defence, the defendant, by leave, filed an amendment of the specifications, denying the marriage of the plaintiffs.

The defendant was defaulted, and damages assessed at one half of the amount the vessel sold for on execution, and interest since the date of the writ, upon the agreement, that if, in the opinion of the full Court, it is competent for him to prove, under the general issue and the specifications of defence, that the said plaintiffs, at the time of bringing this action, were not lawfully married, and that the said Augustus was not the lawful husband of the said Abby, and if such fact, if found by the jury, would bar the action, the default is to be taken off and the case to stand for trial, upon that issue, subject to any motion which the plaintiffs may make to amend the writ by striking out the name of either plaintiff, such motion to be determined by the Court.

*Evans & Putnam*, for the plaintiffs, cited Chitty on Pleadings ; *Coombs* v. *Williams*, 15 Mass., 243 ; *Benner* v. *Fowles*, 31 Maine, 305, and cases cited ; *Langdon* v. *Potter*, 11 Mass., 315 ; Story's Pleadings, 15 and 31, and cases cited.

*Tallman & Larrabee*, for the defendants, cited Chitty's Pleading, 66, 74, 489, 499 ; *Cram* v. *Burnham*, 5 Maine, 213 ; *Langdon* v. *Potter*, 11 Mass., 313 ; *Roach* v. *Randall*, 45 Maine, 438.

The opinion of the Court was drawn up by

WALTON, J.—It was not competent for the defendant to prove, under the general issue and the specifications of defence, that the plaintiffs at the time of bringing the suit were not lawfully married. Such an objection, the only effect of which is to defeat a suit, without touching its merits, if available at all, can only be taken advantage of by plea in abatement. So held in *Dickenson* v. *Davis*, 1 Stra., 480; *Coombs & ux.* v. *Williams*, 15 Mass., 243; and in *Benner & ux.* v. *Fowles*, 31 Maine, 305, exceptions were sustained and a new trial granted, because such evidence was received under the general issue. This decision is not in conflict with the decision in *Cram* v. *Burnham*, 5 Maine, 213. In that case the note was made payable to the alleged wife, and the suit was by the husband alone, and his only title to the note was by virtue of the alleged marriage, so that it was as necessary for him to prove the marriage to enable him to recover, as it would be for the indorsee of a note to prove the indorsement to enable him to maintain a suit upon it in his own name; and the plaintiff having offered evidence of the marriage in support of his title, the defendant was permitted to offer rebutting evidence that the marriage was not valid. In this suit the female plaintiff's right of action is in no way dependent upon the validity of her marriage, and the joining of her alleged husband with her in the suit was wholly unnecessary, and in no way prejudiced the rights of the defendant.

*Default to stand; Judgment for plaintiffs*
*for the amount agreed upon in the Report.*

RICE, CUTTING and KENT, JJ., concurred.
APPLETON, J., concurred in the result.